IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL THORN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 3:09-CV-1108-M |
| | § | |
| WAL-MART SUPERCENTER, DARRYL | § | |
| SCOGGINS in his official capacity as Store | § | |
| Manager, and RUDY ECKERMAN in his | § | |
| official capacity as District Marketing Manager, | § | |
| | § | |
| Defendants. | § | PTRL Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's *Motion for Default Judgment*, filed on July 15, 2009 (doc. 14). Plaintiff contends that the defendants failed to timely answer within twenty days of service and requests entry of default judgment against all defendants. Having reviewed the relevant filings and the applicable law, the Court recommends that the motion be **DENIED**.

**I. BACKGROUND**

On June 11, 2009, Plaintiff filed this *pro se* employment discrimination action against the defendants and moved for leave to proceed *in forma pauperis*. By order dated June 12, 2009, the Court granted leave to proceed *in forma pauperis* and ordered issuance of summonses and service of process. The summonses were issued on June 15, 2009, and executed on all three defendants by the United States Marshal's Service on June 16 and 24, 2009. (*See* docs. 11-13.) All three defendants filed an answer to the complaint on July 6, 2009. (*See* docs. 7-9.)

**II. ANALYSIS**

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default

judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55 (a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55 (b); *New York Life Ins.*, 84 F.3d at 141.

In this case, Plaintiff's motion concedes that twenty days from the earliest date of service was July 6, 2009. As reflected by the docket, each of the defendants timely filed an answer on July 6, 2009. Because Plaintiff has not shown that the defendants failed to plead or otherwise respond within the time required by Rule 12, the Court should deny Plaintiff's motion for default judgment.

### III.  RECOMMENDATION

Plaintiff's motion for default judgment (doc. 14) should be **DENIED**.

**SIGNED this 15th day of July, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE